UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA PENCE | ) | CASE NO. 1:13CV287 |
|    Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| -vs- | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER | ) | AND ORDER |
| OF SOCIAL SECURITY | ) | |
|    Defendant. | ) | |

This matter comes before the Court on objections filed by Plaintiff Teresa Pence to the Report and Recommendation ("R&R") of the Magistrate Judge. This action as referred to the Magistrate judge for an R&R on Plaintiff's Appeal of the Social Security Administration's decision denying her Supplemental Security Income Benefits under Title XVI of the Social Security Act, 42 U.S.C. 1381 et seq., and for a Period of Disability and Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. 416(i) and 423. The Magistrate Judge issued an R&R recommending that the Commissioner's decision be affirmed. Plaintiff timely objected, and the Commissioner responded

For the reasons stated below, the objections are overruled. The R&R is adopted and the findings of the Commissioner are AFFIRMED.

I.     Standard of Review

The District Court conducts a de novo review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In social security cases, ultimate judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion."

*Warner v. Comm'r of Soc. Sec.,* 375 F.3d 387, 390 (6th Cir. 2004).  If substantial evidence supports the Commissioner's decision, this Court will defer to that fact finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

## II.     The Treating Source Rule

According to the regulations adopted by the Social Security Administration,

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. 404.1527(c)(2).  The relevant factors for the ALJ to consider are the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistence, specialization, and any other factors raised by the claimant. 20 C.F.R. 4041527(c)(2)(i) and (ii), (c)(1)-(6).

> A Social Security Ruling explains that, pursuant to this provision, a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.' Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5 (1996). 'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.' *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful

>review of the ALJ's application of the rule. See *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir.2004).

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-545 (6th Cir. 2004).  Even if an ALJ fails to give "good reasons" for giving less weight to a treating physician, reversal and remand may not be necessary if the violation is deemed "harmless error." *Cole v. Astrue,* 661 F.3d 931, 940 (6th Cir. 2011).  The error is harmless if "'(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation.' *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir.2010) (quoting *Wilson*, 378 F.3d at 547)." Id.  Section 404.1527(d)(2) is as follows:

>Other opinions on issues reserved to the Commissioner. We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (see §§ 404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.

### III. Plaintiff's Objection

Plaintiff raises one issue with the R&R.  She contends that the ALJ did not give an adequate explanation as to why he gave less weight to her treating physician, Dr. Brabender, and that the Magistrate Judge erred by concluding that this error was de minimus.  At issue is the ALJ's conclusion, as follows, to give "little weight" to Dr. Brabender's recommendation:

>The assessment of Dr. Brabender, including the claimant's functional limitations and need for special accommodations, are not supported by objective medical evidence and are inconsistent

>with the evidence of record as a whole. Additionally, the claimant testified that she can sit through a one-hour church service and that being in a car for more than an hour might be problematic, which is contrary to Dr. Brabender's opinion that the claimant cannot sit for more than one half hour. Dr. Brabender's RFC statement notes that the claimant sees a psychiatrist, yet she has gone a year without doing so.

For the reasons adequately set forth in the R&R, the Court concludes that this statement, on its own, does not establish a sufficient reason to give less weight to Plaintiff's treating physician. Notably, Plaintiff's objection thoroughly discusses why the statement made by the ALJ regarding Dr. Brabender was in error. She summarizes that "The ALJ's stated reasons for rejecting [Dr. Brabender's] report are not supported by the record." However, the Magistrate Judge concluded that, indeed, the reasons set forth by the ALJ were insufficient. The majority of Plaintiff's objection does not address the issue at hand; whether the Magistrate Judge erred in concluding that the error was de minimus.

Plaintiff contends that the Magistrate Judge "found that the error was not sufficient to warrant a recommendation for remand because the ALJ had summarized other medical evidence in the record and identified in that summary some findings that were contrary to Dr. Brabedner's opinion. However, it is not the role of the court to search the decision for evidence that might support the ALJ's ultimate conclusion. It is squarely the obligation of the ALJ to identify the specific evidence on which the decision to reject the treating source opinion lies." This statement is in conflict with the exception explained above that the error may be harmless "where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation." *Cole*, 661 F.3d at 940 (internal citations omitted). Thus, case law allows this Court to review the ALJ's decision to determine if he has met the goal of the regulations.

The R&R fully sets forth the contradictions in the treating physician's testimony with the findings of the treating specialists. "For example, when formulating Plaintiff's RFC, the ALJ indirectly supported his conclusion by highlighting some of the discrepancies among Dr. Brabender's ultimate opinion and the findings of the treating specialists like Dr. Gupta." Doc. 16, p. 14. The R&R concludes that "the specialist's treatment records do not support the significant limitations that Dr. Brabender imposed." Id. Further, the R&R notes that "the ALJ discussed the conclusions of state agency reviewing consultants Drs. Hinzman and Graham. After assessing Plaintiff's medical evidence, both consultants found that Plaintiff could perform light work with restrictions involving stairs and ramps; ladders, ropes, and scaffolds; and occasional reaching overhead. The ALJ reasonably relied on the state agency doctors' opinions[.]" Doc. 16, p. 16. The R&R also points to the ALJ's description of medical records from Dr. Mahajan, plaintiff's neurologist, which did not support a finding of disability. Ultimately, the R&R concludes that "Given that the ALJ's discussion of opinion evidence from Dr. Gupta, two state agency examiners, and Dr. Mahajan provides an adequate understanding of the ALJ's decision to give limited weight to Dr. Brabender's extreme limitations, any error in relation to the ALJ's treating source analysis is harmless." Doc. 16, p. 16.

Plaintiff appears to take issue with the format of the ALJ's decision. She does not contest that the ALJ examined and discussed the contrary medical evidence. Rather, she contends that this Court could not consider those discussions as justification that the error was de minimus because they were not specifically stated as reasons by the ALJ. The ALJ's decision explains and details the above evidence noted by the R&R while discussing other examining physicians and in other portions of the decision. As the evidence was fully set forth by the ALJ, this Court does not accept an argument that the R&R is in error because it concluded that the error was

harmless. Accordingly, the Court concludes that the Commissioner has met the goal of 20 CFR §404.1527(d)(2) and that the error was therefore de minimus.

**IV. Conclusion**

Plaintiff's objection is DENIED. The Court ADOPTS the Magistrate Judge's Report and Recommendation. The matter is hereby AFFIRMED.

IT IS SO ORDERED.

Dated:  March 19, 2014                              /s/ John R. Adams_____
                                                    UNITED STATES DISTRICT JUDGE